## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01266-TWP-DML |
| | ) | |
| BUTLER UNIVERSITY, JAMES M. DANKO, LEVESTER JOHNSON, STACIE COLSON PATTERSON, ANNE FLAHERTY, SALLY CLICK, ERIN MCCLUNEY, ROBERT PADGETT, MARTHA DWIZLIK, and JANE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JANE SMITH, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| _____ | ) | |
| UNITRIN PREFERRED INSURANCE COMPANY, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANE SMITH and JOHN DOE | ) | |
| | ) | |
| Intervenor Defendants. | ) | |

**ORDER ON MOTION TO INTERVENE**

This matter is before the Court on a Motion to Intervene filed by Unitrin Preferred Insurance Company ("Unitrin") pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) (Filing No. 43). Plaintiff "John Doe," a Butler University student, initiated this action against various defendants including Butler University and fellow Butler student "Jane Smith." He asserted claims of defamation, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1981, among other claims.

Unitrin issued a policy of insurance to the parents of defendant Jane Smith with a policy period of August 21, 2014 to August 21, 2015. As a result of the Amended Complaint filed by John Doe, Jane Smith has asserted that the Unitrin policy, and coverages therein, are potentially implicated. Because of Jane Smith's assertion of potential insurance coverage, Unitrin seeks to intervene in this action pursuant to Rule 24(b)(1)(B).

The insurance coverage issues herein revolve around the same operative facts set forth in John Doe's Amended Complaint. There is a common nucleus of operative facts between the claims asserted in this action and a determination of the coverages contained in the Unitrin policy. Additionally, any declaratory judgment action by Unitrin would include a commonality of legal issues affecting the rights of Unitrin, John Doe, and Jane Smith.

Unitrin asserts that, should this case proceed to resolution without Unitrin's involvement, there will be a judgment that may, and likely would, affect the rights and obligations of John Doe and Jane Smith and would subject them to additional litigation that could be avoided by allowing Unitrin's intervention in this matter. If Unitrin is allowed to intervene, the Court may then resolve all issues regarding the coverage issues applicable to this case. As a result, judicial economy is served by allowing intervention.

Unitrin points out that, pursuant to Rule 24(b), intervention may be allowed when a party has a claim or defense that shares a common question of law or fact with the main action. Here, both actions would contain common questions of both fact and law. No party to this action has opposed Unitrin's Motion to Intervene. A review of John Doe's Amended Complaint and Unitrin's proposed Intervenor Complaint reveals that the actions would contain common questions of both law and fact. Therefore, pursuant to Rule 24(b)(1)(B), the Court **GRANTS** Unitrin's Motion to Intervene ([Filing No. 43](#)). Unitrin is directed to file its Intervenor Complaint for Declaratory Judgment by no later than May 10, 2017.

**SO ORDERED.**

Date: 5/3/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew M. Kassier
ANDREW M. KASSIER, P.A.
kassiera@aol.com

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

Joseph Damien Ackerman
HINSHAW & CULBERTSON
jackerman@hinshawlaw.com

Christopher A. Wadley
WALKER WILCOX MATOUSEK
cwadley@wwmlawyers.com

John K. Bennett
JACKSON LEWIS PC
bennettj@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS PC
craig.wiley@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC
melissa.taft@jacksonlewis.com