UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-1266-TWP-DML |
| | ) |
| BUTLER UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## Order on Plaintiff's Motion to Continue Proceeding Anonymously (Dkt. 62)

The plaintiff, a former student at Butler University, claims that he and another Butler student identified as defendant Jane Smith (a pseudonym) engaged in consensual sexual activity. Jane Smith had complained that the plaintiff raped her, and thus accused him of non-consensual sexual activity. Butler conducted an investigation and grievance proceeding into the matter. A grievance panel concluded that the plaintiff had engaged in non-consensual sexual contact with Jane Smith and recommended his dismissal from the university. The plaintiff was then expelled from Butler.

The plaintiff brought this action, alleging that Butler and several individual Butler defendants discriminated against him based on his sex and race in violation of Title IX and Section 1981. He also alleges state law claims including defamation against Butler, and both intentional infliction of emotional distress and negligent infliction of emotional distress against all the defendants.

Shortly after filing the complaint, the plaintiff moved for an *ex parte* order allowing him to prosecute his case under a pseudonym. The motion was granted. (Dkt. 8) The magistrate judge ordered that the plaintiff could proceed as "John Doe" and *sua sponte* ordered that the complaining student should also be allowed to proceed anonymously. At that point, no defendant had had an opportunity to object, the complaining student had not herself requested anonymity, and the court had not had the opportunity to address the issue in an adversarial context (all because the defendants had not yet been served with the complaint).

Therefore, after all parties had appeared, the court advised the plaintiff and Jane Smith that if they desired to continue to proceed anonymously, they must file motions. Both the plaintiff and Jane Smith did so. Since those filings, the claims of John Doe and Jane Smith against one another have been voluntarily dismissed (Dkt. 107), rendering Jane Smith's motion to continue proceeding anonymously moot.[1] Butler and the individually named Butler defendants (hereafter collectively, the "Butler Defendants") have filed an opposition to the plaintiff's motion to continue to proceed anonymously. The plaintiff filed a reply in further support of his request.

## Analysis

This court agrees with the Butler Defendants that the frequency with which challenges to university disciplinary actions arising from sexual misconduct

---

[1] Her motion, at Dkt. 61, is therefore denied as moot, leaving in place the court's earlier order that directs her anonymity. (Dkt. 8)

allegations are being filed in the federal courts requires a careful consideration of whether the individual parties should be permitted to proceed anonymously. Too frequently, courts have reflexively granted such requests—which more often than not are unopposed—upon a recitation that the case involves "private sexual matters," without a careful examination of the policies and factors that ought to guide the determination.

And the first, most important of those policies is that federal litigation is to be conducted in public. The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action be prosecuted in the name of the real party in interest). These rules advance the public interest of having open judicial proceedings. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit has repeatedly emphasized that it disfavors anonymous litigation because it conflicts with "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). To proceed anonymously, a party must show "'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* at 377. A request to proceed anonymously should not be automatically granted even if it isn't opposed. *Blue Cross*, 112 F.3d at 872. In all

3

cases, the judge has an independent duty to determine whether the party seeking anonymity has shown exceptional circumstances that warrant anonymity. *See id.*

In deciding whether a party should be allowed to proceed anonymously, courts in the Seventh Circuit consider several factors, including:

> (1) whether the [party] is challenging governmental activity; (2) whether the [party] would be required to disclose information of the utmost intimacy; (3) whether the [party] would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the [party] would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Trustees of Indiana University.*, No. 1:12-cv-1593-JMS-DKL, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (quoting *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)). Other factors include "whether the interests of children are at stake" and "whether there are less drastic means of protecting legitimate interests," 923 F. Supp. at 140. The Seventh Circuit has specifically noted that parties are allowed to proceed under fictitious names in some situations, including where necessary to protect the privacy of "children, rape victims, and other particularly vulnerable parties or witnesses." *See, e.g., Village of Deerfield,* 819 F.3d at 377.

The plaintiff argues that his interest in privacy outweighs the public interest in disclosure of his name. He also relies on the fact that the court previously ordered that he may proceed anonymously, arguing there is no reason to reverse that decision. But that alone is not enough to justify anonymity going forward. The court's order allowing him to proceed as John Doe was entered early in the case to

4

preserve his anonymous status pending appearances by the defendants, and without the benefit of adversarial presentations on the issue. In opposing the plaintiff's motion, the Butler Defendants argue that the plaintiff has not shown that this is one of those exceptional circumstances in which he should be permitted to proceed anonymously. The court agrees.

The plaintiff concedes that the first factor weighs against anonymity because he is not challenging actions by a governmental entity. He also concedes that the third factor is neutral at best, or weighs against anonymity, because this action does not require him to disclose an intention to engage in illegal conduct. However, he argues that this action requires the disclosure of "information of the utmost intimacy," namely information about the intimate and sexual activity of himself and the complaining female student. Some courts have accepted that information about sexual misconduct is information of the utmost intimacy. *See, e.g., Doe v. Purdue University*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (citing several cases from different jurisdictions and concluding that information about a sexual relationship, allegations of sexual misconduct, and details of the university's findings was of "the utmost intimacy"), *appeal filed*, No. 17-3565 (7th Cir. Dec. 18 2017). However, the Seventh Circuit has never recognized that as the basis for anonymity. *See, e.g., Village of Deerfield*, 819 F.3d at 377 (recognizing that use of a fictitious party name is warranted in some situations, and identifying those in which it is necessary to protect the identities of "children, rape victims, and other particularly vulnerable parties") (quoting *Blue Cross*, 112 F.3d at 872)). Even assuming a recent trend in

federal district courts of favoring anonymity in cases involving student-university-sexual misconduct matters, this court must look to Seventh Circuit case law.

The plaintiff's complaint alleges that he has suffered emotional harm and distress, and he argues that publicly disclosing his name will cause him additional emotional harm and suffering. As a preliminary matter, he has not offered any evidence that the harm from publicly revisiting the allegedly false accusations and the disciplinary proceedings would cause him harm. He asks the court to assume it. Beyond that, courts that address this issue typically do so with a view toward the plaintiff's allegations, and here, the plaintiff alleges that he had consensual sex with another student. That is simply not the sort of allegation that merits the extraordinary treatment of anonymity. Indeed, in *Village of Deerfield*, 819 F.3d at 377, the Seventh Circuit found that a plaintiff's embarrassment even from engaging in immoral or irresponsible behavior (which plaintiff does not allege here) is insufficient to justify anonymity.

Moreover, the court notes that to the extent the pleadings in this case divulge personal and intimate details, it was the choice of the plaintiff himself to inject that level of detail. The complaint includes detail well beyond what it is necessary to provide a "short and plain statement" of his claim. *See* Fed. R. Civ. P. 8(a)(2). His complaint also identified by actual name the student who made the complaint against him, and the court does not credit his explanation that he couldn't figure out another way to do it. And the court further notes that the plaintiff chose in his complaint to identify by name—*entirely* gratuitously—another Butler student with

6

whom he allegedly had earlier had consensual sex. (*See* Dkt. 13, ¶¶ 22-23.) These choices betray his lack of concern for protecting the identity of individuals whose private, intimate information is disclosed in pleadings in federal court. At bottom, the court finds that the plaintiff has not demonstrated the sort of harm flowing from disclosure of his identity that merits the extraordinary measure of anonymity.

The plaintiff also argues that there appears to be no prejudice to Butler or the individual Butler defendants. He focuses on Butler, asserting it has not identified any prejudice during the past year in which he has proceeded anonymously. He also argues that defendants know his actual identity and they have not identified any problems in conducting discovery or otherwise participating in this litigation if his name is not publicly disclosed. The Butler defendants counter that the individual defendants cannot publicly defend themselves against the plaintiff's attack on their reputations and credibility. And they are right: the plaintiff claims they engaged in deliberate wrongdoing, including intentional discrimination against him because of his race and sex and intentional infliction of emotional distress. He also alleges that Butler defamed him. The defendants' reputations are at stake in this lawsuit as well, and they did not purposefully avail themselves of the courts. Instead, the plaintiff haled them into these public judicial proceedings. Under these circumstances, fairness favors disclosure of the plaintiff's identity. *See Doe v. Indiana Black Expo*, 923 F. Supp. at 141-42 (concluding that where the plaintiff accuses the defendants of serious and deliberate wrongdoing and attacks their integrity and reputations, fairness mandates "he should stand behind

7

those accusations, and the defendants should be able to defend themselves publicly" and that the defendants "have a powerful interest in being able to respond publicly to defend their reputations" both in and out of court).

The plaintiff also maintains that the public interest in open access to judicial proceedings is not furthered by disclosing his name, asserting he has not sought to file documents under seal in this case. Thus, he suggests that in seeking anonymity, he has chosen the least drastic means of protecting his privacy yet allowing public access. The Seventh Circuit has repeatedly stated that the public has an interest in knowing who is using the courts. *See, e.g., Village of Deerfield*, 819 F.3d at 377; *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004) ("The concealment of a party's name impedes public access to the facts of the case…."). In the Seventh Circuit, anonymity *is* a "drastic" measure.

This court has carefully considered, as the plaintiff requested, the decision in *Doe v. Purdue*, a case arising from a similar factual situation, where the court allowed the plaintiff to proceed anonymously. However, the court finds the decision unpersuasive. First, the plaintiff sued Purdue University, a state university, and he challenged governmental activity, which favored his request to proceed anonymously. *Purdue*, 321 F.R.D. at 341-42. That is not the case here. Second, the defendants in that case did not argue they would be prejudiced if the plaintiff were allowed to proceed anonymously. *Id.* at 343. That is not the case here: the Butler defendants assert prejudice. Moreover, the decision does not reflect that the court

considered whether the case fell within the limited types of situations in which the Seventh Circuit allows a party to proceed anonymously.

The plaintiff has availed himself of the public forum of a federal court to make allegations against a private entity and private individuals and to seek money damages from them.  He has not shown that exceptional circumstances outweigh the public's interest in knowing who is using the courts and the prejudice to the defendants that may result from his continued anonymity.  Therefore, the court in its discretion finds that his motion to continue to proceed anonymously should be denied.

In order to allow the plaintiff sufficient time within which to determine an appropriate course of action in light of this decision, *see Village of Deerfield*, 819 F.3d at 376 (denial of a motion for leave to proceed anonymously is immediately appealable), the court will stay this order directing that all public filings use his true name.

## Conclusion

The plaintiff's motion to continue proceeding anonymously (Dkt. 62) is DENIED.  The court stays for thirty days its order directing that all future public filings use the plaintiff's true name.  Therefore, until the court lifts that stay, all public filings shall continue to refer to the plaintiff as John Doe.

So ORDERED.

Date: 1/8/2018

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system