IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:16-cv-01266-TWP-DKL |
| v. | ) |
| | ) |
| BUTLER UNIVERSITY, an Indiana non-profit Corporation, | ) |
| JAMES M. DANKO, an individual, | ) |
| LEVESTER JOHNSON, an individual, | ) |
| STACIE COLSON PATTERSON, an individual, | ) |
| ANNE FLAHERTY, an individual, | ) |
| SALLY CLICK, an individual, | ) |
| ERIN McCLUNEY, an individual, | ) |
| ROBERT PADGETT, an individual, and | ) |
| MARTHA DWIZLIK, an individual | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE NON-EXPERT WITNESS DISCOVERY AND DISCOVERY RELATED TO LIABILITY ISSUES AND INCORPORATED REQUEST THAT EXTENSION APPLY TO ALL PARTIES**

On Saturday, February 10, 2018, Plaintiff "John Doe"[1] filed an "unopposed" Motion to extend the deadline to complete non-expert witness discovery and discovery relating to liability issues by 28 days. Plaintiffs' representation that his Motion is "unopposed" by Defendants is inaccurate. Plaintiff never consulted with Defendants' counsel regarding whether Defendants objected to extending the non-expert and liability discovery deadline, and Defendants do, in fact, object to Plaintiff's motion. For the reasons set forth below, Plaintiff has failed to establish good

---

[1] On January 8, 2018, the Court issued an Order denying Plaintiff's Motion to Continue Proceeding Anonymously. (Dkt. No. 108). The Court stayed for 30 days its order directing that all future public filings use the plaintiff's true name, and further directed that all public filings shall continue to refer to the Plaintiff as John Doe until the Court lifts the stay. Because the Court has not issued an Order lifting the stay, Defendants will refer to Plaintiff as "John Doe" in this filing.

cause for an extension to the discovery deadline as required by Federal Rule of Civil Procedure 16(b)(4).

1.  Federal Rule of Civil Procedure 16(b)(3) requires the district court to issue a scheduling order limiting the time to complete discovery. Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." "In making a good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment" to the Court's scheduling order. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)); *see also* 3-16 MOORE'S FEDERAL PRACTICE § 16.14[1][b] (Matthew Bender 3d ed. 2010) ("[A]lthough undoubtedly there are differences of views among district judges about how compelling a showing must be to justify extending the deadlines set in scheduling orders, it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.") "Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, despite its diligence, the timetable could not be met." *Adams v. N. Ind. Pub. Serv. Co.*, 2015 U.S. Dist. LEXIS 103544 *2 (N.D. Ind. Aug. 7, 2015).

2.  On May 19, 2017, the Court approved the Case Management Plan, which set the deadline to complete non-expert witness discovery and discovery relating to liability issue for February 12, 2018. (Dkt. No. 54.)

3.  In the nine months since the discovery deadline was set, Plaintiff has failed to complete *any* discovery. Instead, on February 10, 2018, two days before the discovery deadline, Plaintiff filed a motion requesting an extension of the deadline *and* served requests for production of documents and interrogatories on Defendants.[2] These discovery requests are untimely. The

---

[2] On late Saturday night – after filing his motion for an extension of time – Plaintiff's counsel emailed Defendants' counsel the written discovery requests.

Case Management Plan states that counsel may not serve written discovery within 30 days before the discovery deadline "unless they seek leave of Court to serve the belated request and show good cause for the same." (Dkt. No. 50 at p. 7 fn 1.) Counsel must also attach the proposed belated discovery requests to any motion requesting an extension of time, which Plaintiff failed to do. (*Id.*)

4. In contrast, Defendants have completed all of their non-expert and liability discovery in the time allotted by the Court, which included serving written discovery on Plaintiff, subpoenaing Plaintiff's medical records from third parties, and taking Plaintiff's deposition.

5. Plaintiff has offered no explanation as to why he failed to complete *any* discovery prior to the discovery deadline. In his Motion, Plaintiff states that his counsel lives in Miami, Florida and is about to begin a five-day federal jury trial on Monday, February 12, 2018. Neither of these facts explains why he could not serve written discovery requests in the eight months between mid-May 2017 and mid-January 2018.

6. As for depositions, Plaintiff states that "counsel for Plaintiff and Defendants have already discussed setting the main depositions – those being the defendants – for a specific period of time to allow Plaintiff to minimize his costs which he must incur in order to have his attorney travel and stay in Indianapolis for an extended time, so as to avoid multiple trips from Miami just to complete discovery." (Dkt. No. 109, ¶ 3.) Defendants' counsel is unsure what conversation Plaintiff's counsel is referring to. Plaintiff's counsel and Defendants' counsel discussed setting depositions in a one-week period if possible to avoid Plaintiff's counsel making multiple trips from Florida, but this conversation occurred months ago, and Plaintiff's counsel never followed up to discuss specific dates or who he wanted to depose. Defendants' counsel never agreed to set aside specific dates (and could not have done so without knowledge of who Plaintiff's counsel wished

to depose) and certainly never agreed to allow depositions to take place after the close of liability discovery.

7. In any event, the fact that Plaintiff's counsel lives in Miami, Florida is not a basis for failing to make any effort to schedule depositions prior to the discovery deadline. Plaintiff chose to hire an attorney outside of the district, and this is not a case where scheduling conflicts did not permit depositions to be scheduled in a timely manner. Plaintiff's counsel never asked Defendants' counsel to check on the availability of any of the individual defendants for a deposition, nor did he otherwise send out deposition notices.

8. In sum, Plaintiff has failed to show good cause as to why he could not complete his discovery in the nine months allotted to the parties by the Case Management Plan. Plaintiff neglected to do any discovery for months and then – when he realized the discovery deadline was about to pass – filed a motion requesting an extension of time and hastily served untimely written discovery requests. Plaintiff should not be permitted to bombard Defendants with written discovery requests and deposition notices in a one-month period because he did not conduct *any* discovery in the timetable set by the Court. *See* 3-16 MOORE'S FEDERAL PRACTICE § 16.14[1][b] ("Carelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief.") This is especially true because Defendants complied with the Court's order and diligently completed their discovery by the deadline.

WHEREFORE, because Plaintiff has failed to establish good cause to extend the discovery deadline as required by Rule 16(b)(4), the Court should deny his Motion.

        /s/ Craig W. Wiley

| | |
|---|---|
| CRAIG W. WILEY | JOHN K. BENNETT |
| MELISSA K. TAFT | JACKSON LEWIS P.C. |
| JACKSON LEWIS P.C. | 220 Headquarters Plaza |
| 10 West Market Street, Suite 2400 | East Tower, 7th Floor |
| Indianapolis, Indiana 46204 | Morristown, New Jersey 07960 |
| Telephone: (317) 489-6930 | Telephone: (973) 451-6350 |
| Facsimile: (317) 489-6931 | E-mail: *BennettJ@jacksonlewis.com* |
| E-mail: *Craig.Wiley@jacksonlewis.com* | |
|     *Melissa.Taft@jacksonlewis.com* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2018, I filed the foregoing electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Andrew M. Kassier
    Andrew M. Kassier, P.A.
    Dickman Building
    4500 Lejeune Road
    Coral Gables, FL 33146
    kassiera@aol.com

    *Counsel for Plaintiff*

    /s/ Craig W. Wiley
    Craig W. Wiley

4818-2155-4013, v. 1