UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTIAN AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-1266-TWP-DKL |
| | ) | |
| BUTLER UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Plaintiff's Motion for Extension of Time to Complete Non-Expert Witness Discovery and Discovery Related to Liability Issues (Dkt. 109)

On Saturday, February 10, 2018, the plaintiff filed a motion for extension of time (28 days) to complete non-expert witness discovery and discovery related to liability issues.

The plaintiff's motion states he needs additional time for discovery because his counsel lives in Miami, Florida, and all depositions will need to be taken in Indianapolis, Indiana. In addition, his counsel was scheduled to begin a five-day jury trial on February 12, 2018. The motion indicates that the parties' counsel have discussed setting the defendants' depositions "for a specific period of time to allow Plaintiff to minimize his costs which he must incur in order to have his attorney travel and stay in Indianapolis for an extended time, so as to avoid multiple trips from Miami just to complete discovery." (Dkt. 109 at p. 2, ¶ 3). According to the

motion, the requested extension would not affect any other Case Management Plan deadline (CMP)[1] or the trial date, which is December 10, 2018.[2]

On May 18, 2017, the court approved the CMP, as modified, setting February 12, 2018, as the deadline for liability discovery. (Dkt. 52; Dkt. 48 at p. 7, IV.B).

The motion states that it "is unopposed." (Dkt. 109 at p. 2 ¶ 9). However, on February 12, 2018, the defendants filed an opposition to the motion, stating that the plaintiff's counsel never consulted with their counsel about the requested extension. The defendants do object to the requested extension. (Dkt. No. 110 at p. 1). The plaintiff's reply brief clarifies that a miscommunication between counsel occurred, because plaintiff's counsel believed defense counsel had agreed to a 28-day extension of the discovery deadline. The parties, however, had been discussing an extension only of the deadline for the plaintiff to supplement his discovery responses. The court accepts that explanation.

The defendants contend that the plaintiff has failed to show good cause for an extension of the discovery deadline, as required by Federal Rule of Civil Procedure 16(b)(4). They represent that in the nine months since the discovery deadline was set, the plaintiff has failed to complete *any* discovery, and instead, on February 10, 2018, requested an extension and served requests for production of documents and interrogatories on the defendants. The defendants represent that they have

---

[1] April 10, 2018, is the dispositive motion deadline; August 10, 2018, is the deadline for expert witness discovery and discovery on damages. (Dkt. 48 at p.7).

[2] The final pretrial conference is on November 14, 2018. (Dkt. 81).

completed all of their non-expert and liability discovery, serving written discovery on the plaintiff, subpoenaing his medical records, and taking his deposition. They state that months ago, their counsel discussed with plaintiff's counsel setting depositions in a one-week period, but they never agreed to a specific time period in which to take the depositions. According to the defendants, the plaintiff's counsel never followed-up on that discussion, did not suggest specific dates for the depositions, did not identify whom he wanted to depose, did not ask about the dates on which any of the defendants would be available, and did not send out deposition notices. And the defendants assert that their counsel never would have agreed to taking depositions after the close of liability discovery.

      The plaintiff's February 10 discovery requests are untimely. Under the CMP, as approved by the court (Dkt. 52 at p.1), counsel may not serve any discovery requests within 30 days of the discovery deadline "unless they seek leave of Court to serve a belated request and show good cause for the same." (Dkt. 48 at p. 7, fn.1). The plaintiff did not seek leave of court to serve the untimely discovery requests; nor has he shown good cause for doing so. In addition, the CMP requires counsel to file the belated discovery requests with a motion for extension of time. (*Id.*). The plaintiff failed to comply with this requirement as well. The court excuses this noncompliance since the plaintiff has provided copies of the discovery requests with his reply brief.

      In deciding whether a party has shown "good cause" for modifying a scheduling order, the court's "primary consideration … is the diligence of the party

3

seeking amendment" to the order. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "Good cause" is shown when a party demonstrates "that, 'despite its diligence, the established timetable could not be met.'" *Adams v. N. Ind. Pub. Serv. Co.*, No. 2:10-cv-469, 2015 WL 4715120, at *1 (N.D. Ind. Aug. 7, 2015) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

The plaintiff's motion does not address his failure to complete *any* discovery before the discovery deadline. Nor does it explain why he waited until two days before the deadline to serve his only discovery requests. Furthermore, neither the fact that the plaintiff's counsel lives in Miami, Florida, and has to travel to Indianapolis to take depositions, nor the fact that he was to begin a five-day jury trial on February 12, 2018, explains why the plaintiff could not have served any written discovery requests before mid-February and within the time allowed under the CMP (mid-January 2018). If these had been the only explanations offered by the plaintiff, the court would have been compelled to find that he failed to demonstrate good cause to extend the deadline.

But what is missing from the plaintiff's motion is provided in his reply. A series of family health issues arose for the plaintiff's counsel beginning in the late summer of 2016 and continuing, as the court understands the motion, into January of this year (*see* Dkt. 115 at pp. 3–5), that affected his ability to take discovery during the time allowed in the CMP. The plaintiff has shown good cause for extending the deadline for non-expert discovery and discovery related to liability,

4

and he has shown sufficient cause for the belated February 10, 2018 discovery requests.

Plaintiff's counsel is correct that he should have brought these issues to the attention of opposing counsel and the court much sooner. Waiting until the eve of the discovery deadline does not reflect diligence, but the court understands that the unexpected death of a family member on New Year's Eve Day may have affected counsel's ability to bring the personal issues to the attention of opposing counsel and the court in a more timely fashion.

Plaintiff's reply states that he seeks a limited amount of discovery, namely: (1) production from Defendant Butler of the CD of the disciplinary proceedings so that a transcript of the hearing can be created at Plaintiff's expense; (2) production of a limited number of documents as spelled out in a Request for Production served on Defendant Butler (copy attached as an exhibit to plaintiff's reply, *see* Dkt. 115-2); (3) answers to one set of interrogatories served only on Defendant Butler (copy attached to plaintiff's reply, *see* Dkt. 115-3); (4) the taking of a deposition of a corporate representative of Butler; and (5) the taking of, at most, two additional depositions, one of former defendant "JANE SMITH," the other of the assistant district attorney who investigated possible criminal charges against PLAINTIFF arising out of the same episode which led to his expulsion from BUTLER. This is the limited discovery that the plaintiff will be allowed.

For the foregoing reasons, the plaintiff's motion for extension of time to complete non-expert witness discovery and liability discovery (Dkt. 109) is

**GRANTED** and it is **ORDERED** that the parties shall have 28 days from the date of this order, that is, until **March 27, 2018**, to complete non-expert witness discovery and discovery related to liability, and the plaintiff is limited to the following discovery: (1) production from Defendant Butler of the CD of the disciplinary proceedings so that a transcript of the hearing can be created at Plaintiff's expense; (2) production of a limited number of documents as spelled out in a Request for Production served on Defendant Butler (*see* Dkt. 115-2); (3) answers to one set of interrogatories served only on Defendant Butler (*see* Dkt. 115-3); (4) the taking of a deposition of a corporate representative of Butler; and (5) the taking of, at most, two additional depositions, one of former defendant "JANE SMITH," the other of the assistant district attorney who investigated possible criminal charges against PLAINTIFF arising out of the same episode that led to his expulsion from BUTLER.

So ORDERED.

Date: 2/27/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system